**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
**michael@samuelandstein.com**

Attorneys for Plaintiff, Individually and on behalf of all other persons similarly situated

| | |
|---|---|
| Jose Pichasaca, on behalf of himself all other persons similarly situated,<br><br>Plaintiff,<br><br>- vs. -<br><br>Red One Plaza LLC. d/b/a Lucy's Cantina Royale, LDV Hospitality Holdings, LLC, LDV Hospitality Management, LLC, and LDV RG Lucy, LLC,<br><br>Defendants. | DOCKET NO. ___________<br><br>**COMPLAINT**<br><br>**COLLECTIVE ACTION**<br><br>**CLASS ACTION** |

Plaintiff Jose Pichasaca, by and through his undersigned attorneys, for his complaint against defendants Red One Plaza LLC d/b/a Lucy's Cantina Royale, LDV Hospitality Holdings, LLC, LDV Hospitality Management, LLC, and LDV RG Lucy, LLC, alleges as follows, on behalf of himself and all other persons similarly situated:

**NATURE OF THE ACTION**

1.   Plaintiff Jose Pichasaca on behalf of himself and all other similarly situated current and former employees of the defendants, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the defendants' violations lacked a good faith basis.

2.   Mr. Pichasaca further complains that he is entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which the defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) liquidated damages pursuant to New York Labor Law for these violations; and (iv) statutory damages for the defendants' violation of the Wage Theft Prevention Act.

**THE PARTIES**

3.   Plaintiff Jose Pichasaca is an adult individual residing in the Bronx, New York.

4.    Mr. Pichasaca consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent is being filed herewith.

5.    Defendant Red One Plaza LLC d/b/a Lucy's Cantina Royale is a domestic business corporation organized under the law of the State of New York (hereinafter referred to as "Lucy's Cantina Royale") with a principal place of business at 1 Pennsylvania Plaza, New York, New York 10001.

6.    Defendant LDV Hospitality Holdings, LLC ("LDV Holdings") is a Delaware limited liability company with a registered address at 251 Little Falls Drive, Wilmington, Delaware 19808.  LDV Holdings creates concepts for and operates restaurants in the U.S. and abroad, including Lucy's Cantina Royale.

7.    Defendant LDV Hospitality Management, LLC ("LDV Management") is a Delaware limited liability company with a registered address at 251 Little Falls Drive, Wilmington, Delaware 19808, and owns 28 restaurants in the U.S. and abroad, including Lucy's Cantina Royale.

8.    Defendant LDV RG Lucy, LLC ("LDV Lucy") is a Delaware limited liability company with a registered address at 251 Little Falls Drive, Wilmington, Delaware 19808.  LDV Lucy owns the trademark and liquor license for Lucy's Cantina Royale.

9. Upon information and belief, the corporate defendants named in paragraph 5 through 8 above are parents, affiliates or subsidiaries that own or co-own Lucy's Cantina Royale.

10. At all relevant times, the defendant were employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11. At all relevant times, the defendants including Lucy's Cantina Royale have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

12. Upon information and belief, at all relevant times, the defendants, including Lucy's Cantina Royale have had gross revenues in excess of $500,000.00.

13. Upon information and belief, at all relevant times herein, the defendants, including Lucy's Cantina Royale have used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

14. Upon information and belief, defendant Lucy's Cantina Royale has the power to hire and fire employees, set wages and schedules, and maintain their records.

15. Defendants constituted "employers" of Mr. Pichasaca as that term is used in the Fair Labor Standards Act and New York Labor Law.

**JURISDICTION AND VENUE**

16. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Mr. Pichasaca's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Mr. Pichasaca's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

17. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the defendants' business is located in this district.

**COLLECTIVE ACTION ALLEGATIONS**

18. Pursuant to 29 U.S.C. § 206 and § 207, Mr. Pichasaca seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since August 11, 2018, to the entry of judgment in this case (the "Collective Action Period"), who were restaurant employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

19. The Collective Action Members are similarly situated to Mr. Pichasaca in that they were employed by defendants as non-exempt employees and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

20. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

21. Mr. Pichasaca and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

22. The exact number of such individuals is presently unknown but is known by defendants and can be ascertained through appropriate discovery.

**CLASS ACTION ALLEGATIONS**

23. Plaintiff brings his claims herein pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

24. All said persons, including Plaintiff, are referred to herein as the "Class."

25. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said FRCP 23.

***Numerosity***

26. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their Claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are over forty (40) members in the class.

***Commonality***

27. There are questions of law and fact common the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class within the meaning of New York law.

b. Whether Plaintiff and Class members are paid at least the minimum wage for each hour worked under the New York Labor Law;

c. Whether Plaintiff and Class members are entitled to and paid overtime under the New York Labor Law;

d. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class spread-of-hours pay as required by the New York Labor Law;

e. Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

f. Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff's and the Rule 23 Class's start of employment and/or timely thereafter;

g. Whether Defendants provided paystubs detailing full and accurate rates of pay and credits taken toward the minimum wage to Plaintiffs and the Rule 23 Class on each payday; and

h. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

***Typicality***

28. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and/or overtime, and spread-of-hours compensation. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.  Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

***Adequacy***

29.  Plaintiff is able to fairly and adequately protect the Interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent representing plaintiffs in both class action and wage and hour employment litigation cases.

***Superiority***

30.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to

vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interest through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In

addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

31. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

**FACTS**

32. At all relevant times herein, the defendants owned and operated Lucy's Cantina Royale, a restaurant and bar in Manhattan, New York.

33. Mr. Pichasaca was employed at Lucy's Cantina Royale from approximately November 2009 until March 10th, 2020.

34. Mr. Pichasaca was hired by "Omar", the kitchen manager/chef at Lucy's Cantina Royale.

35. Mr. Pichasaca was employed as a dishwasher and maintenance worker during his employment by the defendants.

36.   Mr. Pichasaca's work was performed in the normal course of the defendants' business, was integrated into the business of defendants, and did/does not involve executive or administrative responsibilities.

37.   At all relevant times herein, Mr. Pichasaca was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

38.   During his employment by defendant Lucy's Cantina Royale, Mr. Pichasaca worked a regular schedule five days per week as follows: from 10 a.m. until 7 p.m., Monday through Friday.

39.   As a result, he was working approximately 45 hours per week during his employment.

40.   Mr. Pichasaca was paid by check weekly throughout his employment and received no paystubs or wage statements of any sort with his pay.

41.   Mr. Pichasaca was paid an hourly rate of $12 per hour for 2015, $13 per hour in 2016, $14 per hour in 2017 & 2018, and $15 per hour in 2019 and 2020.

42.   Mr. Pichasaca's was paid weekly on Friday by check, but was only paid for 40 hours of work per week not the 45 hours per week he actually worked.

43.  Mr. Pichasaca's effective rate of pay was below the statutory New York City minimum wage in effect at relevant times.

44.  Defendants failure to pay Mr. Pichasaca an amount at least equal to the New York City minimum wage in effect during relevant time periods was willful and lacked a good faith basis.

45.  In addition, defendants failed to pay Mr. Pichasaca any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

46.  Defendants' failure to pay Mr. Pichasaca the overtime bonus for overtime hours worked was willful and lacked a good faith basis.

47.  Defendants failed to provide Mr. Pichasaca with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, the regular and overtime rates, and intended allowances claimed – and failed to obtain his signature acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

48.  Defendants failed to provide Mr. Pichasaca with weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

49.  Upon information and belief, throughout both periods of Mr. Pichasaca's employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like Mr. Pichasaca (the Collective Action Members) in positions at defendants' restaurant that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

50.  Defendants applied the same employment policies, practices, and procedures to all Collective Action and Class Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

51.  Upon information and belief, Defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

52.  Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime

compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

53. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

54. Upon information and belief, while the defendants employed Mr. Pichasaca and the Collective Action and Class members, and through all relevant time periods, the defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

55. Upon information and belief, while the defendants employed Mr. Pichasaca and the Collective Action and Class members, and through all relevant time periods, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

**COUNT I**

**(New York Labor Law – Minimum Wage)**

56. Mr. Pichasaca, on behalf of himself and all of the Collective Action and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

57. At all relevant times, Mr. Pichasaca was employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

58. Defendants willfully violated Mr. Pichasaca's rights by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

59. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

60. Due to the defendants' New York Labor Law violations, Mr. Pichasaca and the Collective Action and Class Members are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT II**

**(Fair Labor Standards Act - Overtime)**

61. Mr. Pichasaca, on behalf of himself and all of the Collective Action and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

62. At all relevant times, the defendants employed Mr. Pichasaca and each of the Collective Action and Class Members within the meaning of the FLSA.

63. At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

64. As a result of defendants' willful failure to compensate their employees, including Mr. Pichasaca and the Collective Action and Class Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, the defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

65. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

66. Due to the defendants' FLSA violations, Mr. Pichasaca and the Collective Action and Class Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT III**

**(New York Labor Law - Overtime)**

67. Mr. Pichasaca, on behalf of himself and all of the Collective Action and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

68. At all relevant times, Mr. Pichasaca was employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

69. Defendants willfully violated Mr. Pichasaca's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

70. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

71. Due to the defendants' New York Labor Law violations, Mr. Pichasaca and the Collective Action and Class Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of

the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT IV**

**(New York Labor Law – Wage Theft Prevention Act)**

72. Mr. Pichasaca, on behalf of himself and all of the Collective Action and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

73. At all relevant times, Mr. Pichasaca was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

74. Defendants willfully violated Mr. Pichasaca's rights by failing to provide him with the wage notice required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

75. Defendants willfully violated Mr. Pichasaca's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

76. Due to the defendants' New York Labor Law violations relating to the failure to provide paystubs, Mr. Pichasaca is entitled to recover from the defendant's statutory damages of $250 per day, from November 2009 through March 10, 2020, up to the maximum statutory damages.

77. Due to the defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Pichasaca is entitled to recover from the defendant's statutory damages of $50 per day from November 2009 to March 10, 2020, up to the maximum statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Pichasaca respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Mr. Pichasaca and his counsel to represent the Collective Action Members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against the defendants and their officers, agents, successors, employees,

representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law;

f. Liquidated damages for the defendants' New York Labor Law violations;

g. Statutory damages for the defendants' violation of the New York Wage Theft Prevention Act;

h. Back pay;

i. Punitive damages;

j. An award of prejudgment and post judgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other, further, and different relief as this Court deems just and proper.

Dated: August 11, 2021

/s/ Michael Samuel

Michael Samuel (MS 7997)
THE SAMUEL LAW FIRM
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
Attorneys for Plaintiff,
*Individually and on behalf of an FLSA collective action*